OPINION
Appellant Donley Gaddis is appealing the decision of the Morrow County Court of Common Pleas that found in favor of Appellee Lucy Molitor on her claim for unjust enrichment. The following facts give rise to this appeal. The parties cohabitated between 1988 and 1996. During this time period, the parties purchased two separate tracts of land totaling twelve acres, built a house and lived together sharing many of their living expenses. In 1997, appellee filed a complaint for divorce against appellant alleging a common law marriage and requesting equitable division of the marital property. The trial court dismissed appellee's complaint for lack of an agreement to marry. We subsequently affirmed the trial court's decision. Prior to the dismissal of the divorce action, appellee filed this complaint on December 23, 1996. The complaint set forth claims for partition, tortious interference with possession of real estate, fraud in the inducement and unjust enrichment. This matter proceeded as a trial to the bench in May 1998. The only cause of action presented to the trial court was that of unjust enrichment. On August 17, 1998, the trial court issued its judgment entry finding appellee contributed $24,000 toward the purchase of the land and construction of the residence and that appellant had been unjustly enriched in that amount. As a result of the trial court's verdict, appellant filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN CONSIDERING FACTS NOT IN EVIDENCE.
 II. THE TRIAL COURT ERRED IN IT'S (SIC) APPLICATION OF THE PRINCIPLE OF UNJUST ENRICHMENT.
 I
Appellant contends, in his First Assignment of Error, the trial court erred in considering facts not in evidence. We disagree. Specifically, appellant argues the trial court erred when it considered evidence presented in the parties' divorce case. The admission or exclusion of evidence rests in the trial court's discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A review of the trial court's judgment entry indicates the trial court did consider evidence presented in the parties' divorce proceedings. Evid.R. 201 addresses judicial notice and provides as follows:
 (A) Scope of Rule. This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.
 (B) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
 (C) When Discretionary. A court may take judicial notice, whether requested or not.
 (D) When Mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
Appellant failed to file a transcript in this matter therefore, we do not know whether either party requested the trial court to take judicial notice of the evidence presented in the parties' divorce proceedings. However, pursuant to Evid.R. 201(C), it is clearly within the trial court's discretion to take judicial notice. In his brief, appellant does not explain how the trial court abused its discretion in taking judicial notice when the Rules of Evidence specifically permit a trial court to take judicial notice whether requested or not. Accordingly, we conclude the trial court did not abuse its discretion when it took judicial notice of evidence presented in the parties' divorce proceedings. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in its application of the principle of unjust enrichment. We disagree. As noted above, appellant failed to file a transcript of the two-day trial. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the trial court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Because appellant failed to provide this court with those portions of the transcript necessary for resolution of his Second Assignment of Error, we must presume the regularity of the proceedings below and affirm. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.